IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SUPER 8 WORLDWIDE, INC., <br> a South Dakota corporation, <br> f/k/a SUPER 8 MOTELS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> RIRO, INC., <br> a Nebraska corporation, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | 8:11CV319 <br><br> ORDER |

This matter is before the court on the defendant's Motion to Strike Pursuant to Fed. R. Civ. P. 12(f) (Filing No. 11). The defendant seeks to strike several allegations made in the complaint as scandalous, immaterial, and impertinent. The defendant filed a brief (Filing No. 12) in support of the motion. The plaintiff filed a brief (Filing No. 13) in opposition to the motion. The defendant did not file a reply.

## BACKGROUND

On September 21, 2011, the plaintiff filed suit against the defendant alleging trademark infringement and dilution. **See** Filing No. 1. The plaintiff's complaint alleges the following facts. The plaintiff is one of the largest guest lodging facility franchise systems in the United States and is widely known as a provider of guest lodging facility services. *Id.* ¶ 4. The plaintiff uses certain trade names and service marks including the Super 8® Marks. *Id.* ¶¶ 5-8. The plaintiff's franchisees utilize the Super 8® Marks to promote the plaintiff's brand name. *Id.* ¶ 9. "[B]ecause [the plaintiff] is one of the largest guest lodging facility franchise systems in the United States and is widely known as a provider of guest lodging facility services, the value of [the plaintiff's] goodwill exceeds hundreds of millions of dollars." *Id.* ¶ 11. "The Super 8® Marks are indisputably among the most famous in the United States." *Id.* ¶ 12. The defendant entered into a franchise agreement with the plaintiff on March 1, 1983. *Id.* ¶ 13. The agreement terminated on June 30, 2005, at which time the defendant agreed to cease using the plaintiff's trade names and marks. *Id.* ¶ 14. After termination of the agreement, the defendant's motel continued to offer overnight

guest lodging and use markings "confusingly similar" to the plaintiff's marks and names. *Id.* ¶ 22. Specifically, the defendant's motel used the names "Economy 8" and "Economy 8 Motel." *Id.* Between January 31, 2006, and August 4, 2011, the plaintiff made five demands on the defendant to stop its use of the "confusingly similar marks." *Id.* ¶ 24. Nevertheless, the defendant continues to use the marks. *Id.* ¶ 25. Based on these allegations, the plaintiff filed claims for violation of the Lanham Act, 15 U.S.C. § 1114(1)(a) (Count 1), for restitution (Count 2), and for unjust enrichment (Count 3). *Id.* ¶¶ 26-44.

On October 20, 2011, the defendant filed the motion to strike eight paragraphs from the complaint. **See** Filing No. 11. Specifically, the defendant seeks to strike paragraphs 11 and 12 as immaterial and impertinent due to their references to the plaintiff's marks being the "most famous" and having a goodwill value in excess of "hundreds of millions of dollars." **See** Filing No. 12 - Brief p. 2. Additionally, the defendant argues these paragraphs contain "conclusory" and "speculative" statements. *Id.* The defendant also seeks to strike paragraphs 33 and 38 as scandalous and in violation of the fraud pleading-with-particularity requirement of Fed. R. Civ. P. 9(b). As part of Count 1, paragraph 33 states the defendant's "on-going acts of infringement in violation of Sections 32, 43(a), and 43(c) of the Lanham Act are malicious, fraudulent, willful, and deliberate." **See** Filing No. 1 - Complaint ¶ 33. As part of Count 2, paragraph 38 states the defendant "has engaged in acts and practices described above, which amount to infringement of the Super 8® Marks in an unlawful, unfair, and fraudulent manner which is likely to confuse the public." *Id.* ¶ 38. Finally, the defendant seeks to strike paragraphs 25, 28, 33, 34, and 41 as immaterial and impertinent due to their references to the defendant's "continuing" or "ongoing" infringement. **See** Filing No. 12 - Brief p. 3. The defendant contends such language should be stricken because the plaintiff knows the defendant sold its interest in the subject property on May 7, 2008. *Id.*

The plaintiff opposes the defendant's motion to strike in it entirety. **See** Filing No. 13 - Response. The plaintiff argues each of the allegations are necessary and relevant to the plaintiff's claims for trademark infringement and dilution. *Id.* at 1, 4-5. Additionally, the plaintiff contends Lanham Act claims are not subject to the strict requirements of Fed. R. Civ. P. 9(b), but in any event the plaintiff's allegations comply with the heightened pleading standard. *Id.* at 1-4. Finally, the plaintiff asserts it did not know the defendant sold its

interest in the subject property until receiving the brief, however, if true, the defendant may still be liable for damages through the date of sale.  *Id.* at 1-2, 5.

## ANALYSIS

The Federal Rules of Civil Procedure provide a mechanism for the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  **See** Fed. R. Civ. P. 12(f).  A party may move the court to strike an opposing party's pleading or a portion of the pleading "within 20 days after being served with the pleading" or the court may act on its own.  *Id.*  A court possesses liberal discretion when ruling on motions to strike under Rule 12(f).  *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007).  However, courts view motions to strike with disfavor because striking is an extreme measure and the motion may only serve to delay proceedings.  **See** *id.*; *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000).  Accordingly, a motion to strike will be denied if the content sought to be stricken "is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear."  *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977) (quotation omitted).  Similarly, "the Eighth Circuit Court of Appeals has ruled that even matters that are not 'strictly relevant' to the principal claim at issue should not necessarily be stricken, if they provide 'important context and background' to claims asserted or are relevant to some object of the pleader's suit."  *Holt v. Quality Egg, L.L.C.*, 777 F. Supp. 2d 1160, 1168 (N.D. Iowa 2011).

By contrast, an averment with no basis in law may be stricken.  **See** *United States v. Dico, Inc.*, 266 F.3d 864, 879-80 (8th Cir. 2001) (defense stricken where foreclosed by circuit precedent); **see also** *BJC Health*, 478 F.3d at 917-18 (upholding decision to strike punitive damage prayer where claim forming basis for prayer insufficiently plead as required by Fed. R. Civ. P. 9).  Generally, motions to strike are granted only when the court is "convinced that there are no questions of fact and that any questions of law are clear and not in dispute, and that under no set of circumstances can the [claim] succeed."  *Puckett v. United States*, 82 F. Supp. 2d 660, 662-63 (S.D. Tex. 1999) (quotation omitted).

> Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question. Scandalous matters are allegations that unnecessarily reflect on the moral character of an individual or state anything in repulsive language that detracts from the dignity of the court. To prevail on a motion to strike text from the complaint, the movant must clearly show that the challenged matter has no bearing on the subject matter of the litigation and that its inclusion will prejudice the movant.

*Freydl v. Meringolo*, No. 09 Civ. 07196, 2011 WL 2566082, at *1 (S.D.N.Y. June 16, 2011) (internal quotations and citations omitted) (noting "granting the motion to strike is not warranted where prejudice is not clearly demonstrated"); **see** *Corrections USA v. Dawe*, 504 F. Supp. 2d 924, 938 (E.D. Cal. 2007); *Canadian St. Regis Band of Mohawk Indians ex rel. Francis v. New York*, 278 F. Supp. 2d 313, 325 (N.D.N.Y. 2003) (noting "prejudice is not assumed simply by the inclusion in the . . . complaint of the verbose, immaterial, conclusory, or evidentiary matter"). Accordingly, allegations will not be stricken as immaterial under this rule unless it can be shown that no evidence in support of the allegation would be admissible. *United States v. Shell Oil Co.*, 605 F. Supp. 1064, 1085 (D. Colo. 1985). Finally, a party must usually make a showing of prejudice before a court will grant a motion to strike. *Sierra Club v. Tri-State Generation & Transmission Ass'n, Inc.*, 173 F.R.D. 275, 285 (D. Colo. 1997) (citation omitted).

The defendant fails to show the challenged allegations have no bearing on the subject matter of the litigation. As argued by the plaintiff, the allegations appear directly related to the elements of proof necessitated by the plaintiff's claims. **See** Filing No. 13 - Response p. 5; *Frosty Treats v. Sony Computer Entm't Am. Inc.*, 426 F.3d 1001, 1008 (8th Cir. 2005) (listing six-factor test to determine likelihood of confusion between two marks). The defendant fails to show any allegations in the complaint are scandalous. Certainly, the plaintiff's allegations related to the strength of its business and marks are relevant and subject to potential rebuttal by the defendant. Moreover, if subsequent discovery reveals the complaint overstates the defendant's period of liability, steps may be taken at that time to remedy such overstatement. The plaintiff's belief about the

defendant's period of liability, even if disputable, does not require the allegations stricken. Moreover, such allegations fairly present a question of fact.

The plaintiff is not required to conform the Lanham Act claims to the heightened requirements of Fed. R. Civ. P. 9(b). **See** *Axcan Scandipharm Inc. v. Ethex Corp.*, 585 F. Supp. 2d 1067, 1084 (D. Minn. 2007) (recognizing split of authority on this issue while adopting "persuasive reasons why Lanham-Act claims should not be subject to any pleading-with-particularity rule"); **but see** *Conditioned Ocular Enhancement, Inc. v. Bonaventura*, 458 F. Supp. 2d 704, 709 (N.D. Ill. 2006) ("Claims that allege . . . false advertising under the Lanham Act are subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b)."). However, assuming *arguendo* that a heightened pleading requirement applies to the plaintiff's claims, the court concludes such requirement has been satisfied. The plaintiff provides specific allegations about who, after termination of the franchise agreement, intentionally used a confusingly similar name and marks compared to the plaintiff's marks. **See** *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009) (noting the complaint must allege "such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation"). Finally, the defendant fails to allege any prejudice it may suffer by failing to grant the motion to strike. Accordingly, under the circumstances, the court will not strike the allegations of the complaint as sought by the defendant. Upon consideration,

**IT IS ORDERED:**

The defendant's Motion to Strike Pursuant to Fed. R. Civ. P. 12(f) (Filing No. 11) is denied.

DATED this 18th day of November, 2011.

BY THE COURT:

 s/ Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.